1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RALPH JOSEPH MATHERS,

           Plaintiff,

    v.

TESORO REFINING AND MARKETING
COMPANY, a foreign corporation; BRAND
SCAFFOLD BUILDERS INC., a foreign
corporation,

           Defendants.

CASE NO. C05-172BHS

ORDER GRANTING DEFENDANTS'
MOTION TO OBTAIN UPDATED
MEDICAL RECORDS

16

17

18

19

20

21

22

23

24

25

26

27

28

      This matter comes before the Court on Defendants' Motion to Obtain Updated Medical Records (Dkt. 47). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

      This matter was originally set for trial on June 26, 2006, but was continued several times. Dkt. 11; Dkt. 22 (October 16, 2006, trial date); Dkt. 35 (March 12, 2007); Dkt. 37 (September 10, 2007); Dkt. 39 (November 5, 2007); Dkt. 43 (May 12, 2008). The last discovery deadline in this matter was August 10, 2006. Dkt. 25.

      On December 19, 2007, Defendants' counsel wrote a letter to Plaintiff's counsel requesting that Plaintiff Ralph Joseph Mathers sign releases to allow Defendants to obtain

ORDER - 1

1   updated medical records. Dkt. 53, Exh. C at 23. Defendants requested a response within ten

2   business days but apparently made no further attempt to obtain the releases until February 12,

3   2008. *See id*.; Dkt. 53, Exh. D at 58. Again, Defendants did not receive a response to their

4   February 12, 2008, letter but made no further attempt to secure the releases until April 8, 2008,

5   when counsel for all parties conferred by telephone and were unable to resolve this matter

6   without court intervention. *See* Dkt. 53 at 2. Defendants now move to obtain updated medical

7   records. Dkt. 47. Though not captioned as such, the motion essentially seeks to compel

8   production of updated medical records.

9                                   **II. DISCUSSION**

10          Federal Rule of Civil Procedure 26 governs discovery and provides, in part, as follows:

11                  Parties may obtain discovery regarding any nonprivileged matter that
            is relevant to any party's claim or defense--including the existence,
12          description, nature, custody, condition, and location of any documents or
            other tangible things and the identity and location of persons who know of
13          any discoverable matter. For good cause, the court may order discovery of
            any matter relevant to the subject matter involved in the action. Relevant
14          information need not be admissible at the trial if the discovery appears
            reasonably calculated to lead to the discovery of admissible evidence. All
15          discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

16   Fed. R. Civ. P. 26(b)(1). Discovery must be limited if the Court determines that the discovery

17   sought is unreasonably cumulative or duplicative or is obtainable from a more convenient, less

18   burdensome, or less expensive source; that the seeking party has had ample opportunity to obtain

19   the information sought; or that the burden or expense of the discovery request outweighs its

20   likely benefit. Fed. R. Civ. P. 26(b)(2)(C).

21          If a party fails to answer an interrogatory or a request for production, the party may move

22   to compel disclosure pursuant to Federal Rule of Civil Procedure 37. Fed. R. Civ. P. 37(a)(3)(B).

23   The motion must certify that the parties have made a good faith effort to confer and resolve the

24   dispute themselves. Fed. R. Civ. P. 37(a)(1). A good faith effort to confer "requires a face-to-

25   face meeting or a telephone conference." Local Rule CR 37(a)(2)(A). In this case, the parties

26   conferred by telephone.

27

28   ORDER - 2

While the Court is sympathetic with Defendants' need to update medical records received more than two years ago, Defendants fail to justify their dilatory efforts at obtaining the updated records. Plaintiff is willing to provide updated medical records for physicians who have continued to treat Plaintiff since medical records were last provided but contends that he has not seen the vast majority of his medical providers in the years since Defendants last obtained Plaintiff's medical records. Dkt. 56 at 2. Plaintiff asserts no prejudice, however, in complying with Defendants' request. Therefore, the motion is granted, and Plaintiff shall forthwith authorize the release of the requested medical records.

## III. ORDER

Therefore, it is hereby

**ORDERED** that Defendants' Motion to Obtain Updated Medical Records (Dkt. 47) is **GRANTED**.

DATED this 28th day of April, 2008.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 3